## JOSEPH S. CHRISTIAN *vs.* THE COMMONWEALTH.

When a judgment in a criminal case is entire, and a writ of erro,  c orought to re-
verse it, though it is erroneous in part only, it must be wholly reversed.

The court, after reversing a judgment in a criminal case, cannot enter such judgment
as the court below ought to have entered, nor remit the case to the court below for
a new judgment. And this rule applies to a case where a sentence has been
awarded, to take effect after the expiration of a former sentence, and the prisoner
brings a writ of error to a hearing before the expiration of the former sentence.

WRIT OF ERROR.   The defendant was convicted, in the
court of common pleas, in the county of Bristol, March term,
1842, of stealing from a dwellinghouse property of less value
than $ 100, and was sentenced to two days' solitary imprisonment,
and confinement afterwards at hard labor, for the term of eigh-
teen months, in the state prison, to commence from and after the
expiration of a former sentence of two days' solitary imprison-
ment, and two years' confinement at hard labor, awarded against
him by the same court at the same term.

The error assigned was, that the indictment, on which the
judgment was founded, set out no offence above simple larceny,
and that the judgment was therefore excessive and illegal.

*G. Bemis,* for the plaintiff in error.   As the indictment does
not allege that the larceny was committed in the day-time, the
prisoner could be sentenced only for a simple larceny, and not
to more than one year's confinement.   *Hopkins v. Common-
wealth,* 3 Met. 460.   A judgment void in part must be wholly
reversed.   This court cannot award a new sentence, nor send
the case back to the court of common pleas for correction
there.   *Shepherd v. Commonwealth,* 2 Met. 419.   *The Queen v.
Hartnett,* Jebb's Cr. Cas. 302.   *Stevens v. Commonwealth,* 4
Met. 371.

*Austin,* (Attorney General,) for the Commonwealth, ad-
mitted that the judgment was erroneous, but contended that, as
the prisoner had not yet suffered any thing under the sentence,
the case was different from any of those cited, and that the court
might now, after reversing the judgment, enter such judgment as
should have been entered in the court below.

Christian *v.* The Commonwealth.

SHAW, C. J. It was urged by the Attorney General, that the case is distinguishable from all former cases, in this particular, that in this case the convict has not yet suffered any thing from the erroneous judgment, as he has not yet completed his sentence under the first judgment. The term of imprisonment under the second sentence not having yet commenced, it is contended that the prisoner can now be sentenced, either in this court, or in the court of common pleas, and that on reversal of this judgment, such judgment may now be rendered as the court below should have rendered. But on the best consideration we can give it, we perceive no substantial ground to distinguish this from the former cases, where judgments have been reversed, in which it was held that no new judgment could be given by this court.

In the first place, it is very clear, and indeed it is conceded, that the judgment is erroneous in imposing a longer sentence, in a case of simple larceny, than the law would warrant. *Hopkins* v. *Commonwealth*, 3 Met. 460. The judgment, therefore, must be reversed.

What further can this court do ? It has already been held, that it is not competent for the court to reverse in part where the judgment is entire, nor to enter up such judgment as the court below ought to have entered. The fact, that the convict has yet suffered no part of the sentence on the erroneous judgment, does not vary the case in principle. If one has suffered a part of the sentence awarded by an erroneous judgment, it may add weight to the reasons why a new judgment should not be pronounced, if it were a new and original question; but it is not the legal reason on which the rule rests, and that rule is now established by precedent and practice. *Shepherd* v. *Commonwealth*, 2 Met. 419. Whatever other remedy the Commonwealth may have, we think it is not competent for this court to call the party in and pronounce a new sentence, nor to remit the case to the court of common pleas.

*Judgment reversed.*